SIMAILE of Fagatogo, Plaintiff

v.

LAFOA'I of Fagatogo, Defendant

No. 18-1945

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Lutu" of Fagatogo]

February 28, 1945

C. G. WYCHE, *Chief Justice;* MULI, *District Judge;* and PULETU, *District Judge.*

## ORDER

On 22 July 1944, Lufoa'i, a resident of Fagatogo village, filed his application with the Attorney General of American Samoa to register the matai name "Lutu". On 22 August 1944, notice of his application was posted on the bulletin board at the Administration Building for a period of 30 days as required by law. On 23 August 1944, Tupuola of Fagatogo village, filed an objection to the registration of the matai name Lutu by Lafoa'i and at the same time claimed that he, Tupuola, was entitled to register this name. On 14 September 1944, Simaile of Fagatogo village, filed a similar objection to the registration of the name by Lafoa'i claiming that he, Simaile, was entitled to register the matai name Lutu. Thereafter, Tupuola withdrew his claim to the title in favor of Simaile.

The trial of this case was commenced before the High Court of American Samoa on 13 February 1945 and concluded on 14 February 1945. At the close of the case the Chief Justice announced that the court would take the matter under consideration and render its decision at a later date.

In support of his claim to the title, Simaile offered in evidence a decision of the Court in the case of *Afoa Molioo*

*v. Lutu and Faagata* tried in the District Court in 1905; and cited two other court orders—one by the American Judge and Secretary of Native Affairs in 1922, and the other by the Chief Justice in 1935. It will be necessary to review these three former decisions in order to arrive at a just and correct decision in the present case.

On 19 September 1905, a suit was commenced in the District Court at Fagatogo by Afea Molioo, the plaintiff, against Lutu and Faagata, defendants. Summons was duly issued by District Judge Mauga as follows:

"To LUTU & FAAGATA of the village of Fagatogo, defendants. You are hereby ordered (summoned) to appear before this court on Friday, Sept. 23, 1905, at 10:00 a.m. when you will be tried according to the charges brought against you by AFOA MOLIOO of the village of Fagatogo, plaintiff. See reverse side on which appear the allegations. If you fail to appear the plaintiff may bring charges just the same, and the decision may [sic] awarded without your presence.

/s/ Mauga,
District Judge."

The complaint attached to the summons reads as follows:

"1. That Lutu and Faagata have endeavoured to interfere with the exercising of my hereditary pule which was derived from my ancestors of yore; that I make all the assignments and appointments of the family because I am the true heir; that it is entirely up to me to nominate any person I desire to hold the title LUTU and the name FAAGATA: that I have the pule over all the lands of the family; that this pule started from our forefathers and thus devolved on me; that my pule is hereditary.

2. That Lutu and Faagata, nowadays, because of their insolence, have tried to take my pule away from me; that the Pulenu'u Tiumalu is the cause of all this trouble—he does not perform his duty as he should, but acts as a ringleader in creating nuisance and misunderstanding amongst the people; that the village of Fagatogo at the present is divided into two political factions because of such acts.

3. Wherefore I pray the Court to order the said Lutu and Faagata to leave me alone and not to interfere with the exercising of my pule over the title LUTU and the name FAAGATA and also over the lands.

4. That the said Lutu and Faagata pay for the court costs.

I am,
/s/ Afoa Molio'o."

There is a notation on the back of the summons and complaint indicating that the papers were served on Lutu and Faagata by one, Mata, on the 20th day of September 1905 but the return is not signed by Mata.

■ On the third page of the printed form of the summons and complaint there appears to be a "decision" but it bears no signature nor date. The fact that the decision is unsigned by the Judges does not necessarily indicate that it was not the order of the Court. In the past it seems to have been a common practice to have the Clerk make an informal note of the decision on the record. The decision noted on the record is as follows:

"1. Lutu Samuela shall continue to hold the title until his death, or until he commits such misconduct as will give good cause for his removal. When his death occurs, or if he should be removed before death, the whole family of LUTU shall meet together to appoint a successor. If they disagree among themselves, or if trouble occurs, then Afoa shall appoint the LUTU, for the Court believes Afoa has the pule over the title Lutu.

2. Lutu's side to pay $15.00 Court costs.

3. Afoa's side to pay $10.00 Court costs."

■ At the time the decision was rendered in 1905, the statute as now contained in the Codification of the Regulations and Orders of the Government of American Samoa had not been enacted into law. That decision was evidently based upon some ancient Samoan custom or belief that one person had the superior authority and right to designate a successor to a matai name. If it be a fact that such was the

173

custom or the law in 1905, a radical change was made when the statute was written as now contained in the Codification. Under the present law one person is not permitted to select a successor to a matai name, but it is specifically provided that to be eligible to such an appointment, the person "must be chosen by his family for the title." The present law sustains that fundamental democratic principle that the majority of the people shall have the right to decide who shall rule over them. At the very outset of the trial of this case, the Chief Justice directed the interpreter to read paragraphs 1, 2, 3, 4 and 4A of Section 79, Section 80 and paragraph 1 of Section 81 of the Codification which regulate the selection of a matai. These sections read as follows:

"Section 79. Matai Names.

1. Every matai in American Samoa shall register his title and designating name and the record of such registration shall be kept as a part of the records of the Attorney General.

2. Every person succeeding to the title of matai shall give notice of such succession to the Attorney General for registration.

3. If the Attorney General is satisfied that the claimant to the title has a right to the same, he shall, after thirty days' notice, issue a certificate to the applicant stating the date of registration, and until the certificate of registration is obtained, no title shall be recognized.

4. In case of any dispute as to the succession to a matai title, the High Court of American Samoa shall hear and determine the rights of the claimants and after decision in the premises will certify the name as determined by law to the Attorney General for registration.

4A. In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

    1. The wish of the majority of the family.

    2. The forcefulness, character, personality, and leadership of the candidate.

    3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa.

Section 80. Ineligibility for Matai Title for Office Because of Crime.

1. No person who shall, after the enactment of this regulation, be convicted of and sentenced for murder, attempt to commit murder, rape, attempt to commit rape, burglary, robbery, larceny, embezzlement, false pretense, forgery, perjury, smuggling, selling intoxicating drink to natives, or infamous crime, or aiding or abetting therein, shall be eligible to hold any office or position of honor, trust, or profit under the Government of American Samoa, or be permitted to register a matai name; and a pardon granted such person shall not restore his eligibility to such office or position, or his right to register a matai name, unless it is expressly so provided.

Section 81. Enligibility [sic] Requirements for Title or Office.

1. No person not having all the following qualifications shall be eligible to succeed to any title which may by law enable the holder of the title to take a public office.

(a) Must be at least three-quarters Samoan blood.

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he became eligible for the title.

(c) Must live with Samoans as a Samoan.

(d) Must be a descendant of a Samoan family and chosen by his family for the title.

(e) Must have been born on American Soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa (2) but temporarily residing outside of American Samoa or engaged in foreign travel at date of birth of such child and (3) whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa."

■ It is thus apparent that the decision of the court in 1905 has been rendered inapplicable to the present case by the adoption of the statutory law as is now contained in the Codification.

175

What has been said makes it unnecessary to point out other reasons why the decision of 1905 could not be used as a basis upon which to sustain the claim of Simaile in this case.

It is further contended by Simaile that the order of the American Judge and Secretary of Native Affairs in 1922 sustains his claim to the Lutu title. A careful review of the file in that case has been made. It appears from the record that Lutu Samuela died in 1921. Shortly after his death, Afoa Molioo, Samoan Judge of District Court Number One, appeared in the office of the Secretary of Native Affairs and presented to that official a copy of the court's decision rendered in the year 1905. There was no trial of the issues involved in the contest for the Lutu title but an *ex parte* ruling and decision was made by the Secretary of Native Affairs in which he held that under the terms of the decision made in 1905, Afoa Molioo had the right to nominate and appoint the successor of Lutu Samuela. Afoa Molioo forthwith appointed himself and became known as Lutu Molioo. In making his ruling, the Secretary of Native Affairs and American Judge had the following to say:

"The Secretary of Native Affairs, Sydney D. Hall, made a thorough investigation of all the matters involved and due to the authentication of the decision which should obtain and be followed in any action that might occur in case of a disagreement in the family.

Various members of the Faagata family, have at different times, presented themselves at the office of the Secretary of Native Affairs, insisting that because of the disagreement involved in the selection of a Matai to hold the name 'Lutu' that the matters in connection therewith be made the subject of a trial in court. But the unvarying answer of the Secretary of Native Affairs has been that this matter had already been decided by previous court action and that nothing remained in view of the existing disagreement but to abide by the said previous court decision and register as Lutu the person designated by Afoa, which action had this day been ordered by the said named official and which is in keeping with the policy of the Court

that no previous court cases and decisions handed down by previous judges will be reviewed and perhaps reversed."

The third decision relied upon by Simaile was made in 1935 by the Chief Justice. Lutu Molioo died in 1934. There were three applicants for the title, Faagata (Mano) of Fagatogo, Lauvale of Fagatogo and Afoa of Fagatogo. The record in this case shows that the Chief Justice called the three applicants before him on August 19, 1935 and read to them the old decision of 1905. In concluding his remarks to the three applicants for the title the then Chief Justice made the following statement:

"I will give you until next Monday morning to get together and amicably agree and decide on some holder of the name and if you cannot do it then I shall name whoever Afoa names for the matai name Lutu. I hope you can do that and I do not care who you name whether it is Faagata, Lauvale of Afoa and that is all that I can do. I would just as soon as try this case but it would not be of any use."

Naturally it was impossible for the family to agree and the second Afoa appointed himself to hold the title Lutu under the terms of the decision of 1905 and the Chief Justice passed the following order:

"On this 26th day of August 1935 before me came Afoa, Faagata and Lauvale all of the village of Fagatogo, in accordance with an agreement made by all of them with me on the 19th day of August 1935 that between the two dates an agreement should endeavored to be reached between the three of them as to the holder of the name Lutu.

By the decision of the High Court rendered in the case tried in the year 1905 Afoa was given the pule of the name Lutu.

It appears at the hearing held on this day that the three parties heretofore mentioned have not been able to agree on a candidate and it is therefor my opinion that Afoa may choose whomsoever he sees fit as the holder of the matai name Lutu.

Afoa in the absence of agreement with the other two parties has decided to take the name Lutu himself.

It is however my opinion that as the name Lutu and Afoa are both high names they should not both be held by the same person and

177

accordingly and in accordance with the ruling of the Attorney General it will be necessary for Afoa to resign his matai name Afoa before he takes the name Lutu."

■ It would serve no useful purpose at this time to comment upon or criticise the procedure followed in these two cases, except to say that the orders and rulings made in those cases are not considered as a guide or as authority in the decision of the present contest. However, it may be well at this time to state that there are certain fundamental rights to which every citizen is entitled. His right to resort to the courts of justice for the purpose of asserting, defending or protecting his personal or property rights should never be denied. Even though he may be in error in his contention, yet he is entitled to his day in court. All cases, with very rare exceptions, should be tried in open court where the public may see and hear what is being done and thereafter a decision should be rendered in accordance with the law and evidence in the case.

The court has gone to a great deal of trouble to review the trial records of the three cases heretofore brought before the court wherein the Lutu title was involved. The purpose in doing so is to set at rest for all time to come all controversy as to what has been done in the past. Those cases are ended, and hereafter the matai will be selected by the two branches of the Lutu family in accordance with the law.

We shall now proceed to decide the present case upon the law as it is now written and the evidence which has been introduced in this case.

The first question to be decided is whether or not Lafoa'i, the applicant, for the title of Lutu is eligible to hold this name under the present law of American Samoa. The court finds that the family tradition submitted by the applicant Lafoa'i contains a true and correct tradition of the Lutu family. Lafoa'i is the nephew of the late Lutu Sa-

muela. It is undisputed that Samuela had two brothers who held the title Lutu successively. Lafoa'i is the grandson of Lutu Peni, who held the Lutu title prior to Lutu Samuela. There is a dispute between the parties as to who first held the Lutu title, but that goes back into the far distant past and there is no way to check the family traditions except by hearsay. Lafoa'i is at present a sergeant in the Army of the United States. He has a pleasing personality and his service in the military forces has tended to qualify him for such a position.

However, Lafoa'i, the candidate selected by the family to apply for the name Lutu cannot hold this title. Section 80 of the Codification above quoted, specifically provides that no person who shall have been convicted of and sentenced for the crime of burglary shall be permitted to register a matai name, or be eligible to hold any office or position of honor, trust or profit under the Government of American Samoa. The applicant admits, and the records of the court show, that in 1931 Lafoa'i was convicted and sentenced in the District Court of American Samoa for the crime of burglary. Section 80 was enacted into law to protect and safeguard the people of American Samoa from having any person who has been convicted of certain serious crimes hold a matai title and rule over his family. This case shows how important it is for all the people in Samoa to teach and instruct their children to obey the law and become good citizens.

This leaves only the question of whether or not Simaile has met the requirements of the law and is entitled to hold the title Lutu. While the court has held that the decision in the case tried in 1905, is not applicable to the present contest because of a change in the law, and has held that the order passed in 1905 is no longer applicable to the Lutu title, yet the court is convinced from the records of family traditions in those cases that Simaile and his clan

also are descendants from the Lutu family and have rights in the selection of the holder of this title. It is clear to the court that both sides in this case are descendants of the Lutu family and that the holder of the title may be selected from either faction. While it is true that Simaile also has a criminal record a careful investigation shows that he has never been convicted of any crime which would disqualify him from holding a title or position of trust or profit under the Government of American Samoa. His offenses have been of a classification known in the law as "misdemeanors" in contrast with those crimes set forth in Section 80 which are known as felonies. The Court is satisfied that Simaile has the forcefulness, character, personality and leadership to make a capable and efficient matai and that he has proven his hereditary right to hold a title in the Lutu family. Now, therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the application of Lafoa'i to register the matai name "Lutu" be and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the application of Simaile to register the matai name "Lutu" be and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cost be and the same is hereby assessed in the sum of $60.00, one half to be paid by Lafoa'i and one half by Simaile, and shall be paid within five days from the date of this decree. Ten ($10.00) dollars of the amount taxed as costs shall be paid to Saipale for his services in acting as interpreter for two days in the High Court in this case.

Let a certified copy of this order be delivered to the Attorney General of American Samoa.